IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PAUL WILLIAMS-ANTI,

                    Plaintiff,                                    OPINION AND ORDER

        v.
                                                                  26-cv-31-wmc

UNITED STATES OF AMERICA,

                    Defendant.

Plaintiff Paul Williams-Anti, who is representing himself, filed this action for money damages under 42 U.S.C. § 1983, claiming that he was sentenced in this court in Case No. 23-cr-22-wmc based on inaccurate information provided by the United States Attorney's Office. (Dkt. #1.) Because plaintiff is incarcerated, the court must screen his amended complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915(e)(2) and 1915A. In screening a self-represented litigant's complaint, the court construes the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Even so, after considering the complaint and applicable law, this action must be dismissed because it fails to state a claim upon which relief may be granted *and* is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

OPINION

Plaintiff Paul Williams-Anti claims that federal prosecutors manipulated and withheld information regarding the sentencing factors in his criminal case, which resulted in an increased

sentence in violation of his rights under the Due Process Clause of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment. However, plaintiff cannot bring a claim for damages under § 1983 for several reasons. First, plaintiff names an improper defendant. While § 1983 permits plaintiffs to seek money damages from government *officers* who violate federal law under certain circumstances, "the United States, as sovereign, is generally immune from suits seeking money damages." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024). Second, even if plaintiff had named the prosecutor allegedly responsible for providing inaccurate information to the court, prosecutors have absolute immunity for actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (noting trial prosecutor and supervisor entitled to absolute immunity for failure to disclose impeachment evidence). Third, and most importantly, plaintiff cannot bring any claim for damages under § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first prevailed in a habeas corpus proceeding. *Heck*, 512 U.S. at 486-87.

Although plaintiff has filed a separate action seeking to vacate his sentence under 28 U.S.C. § 2255, that motion is still being briefed by the parties and is not yet pending before this court. *See Willaims-Anti v. United States*, W.D. Wis. Case No. 25-cv-608-wmc (filed Jul. 16, 2025). Because plaintiff has not alleged, and federal court records do not reveal, that he successfully obtained post-conviction relief by challenging the fact or duration of his sentence, he is precluded by *Heck* from pursuing monetary damages for the circumstances surrounding those proceedings. *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (*Heck* applies to federal prisoners challenging duration of confinement).

2

While the court of appeals has cautioned against dismissing an unrepresented plaintiff's case without granting him a chance to amend his complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims without prejudice is appropriate here because his affirmative factual allegations make clear that he could not amend his complaint to state a claim for relief in this court.  *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* is premature and must be dismissed without prejudice.").

Finally, the court will direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g).  *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025) ("If the court ascertains from the face of the complaint that *Heck* bars a case, it may dismiss the case for failure to state a claim, and the *Heck* dismissal counts as a strike.").  As plaintiff may be aware, a prisoner plaintiff who has accumulated three strikes "while incarcerated or detained in any facility" cannot proceed in forma pauperis, that is, as one not required to prepay the full filing fee, unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that this case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), for failure to state a claim upon which relief may be granted. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g), enter judgment in favor of defendant, and close this case.

Entered this 2nd day of March, 2026.

BY THE COURT:

WILLIAM M. CONLEY
District Judge

3